# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| JAMES E. FAIR, | : |
| Plaintiff, | : |
| vs. | :  CA 20-0311-MU |
| KILOLO KIJAKAZI,<br>Acting Commissioner of Social Security,[1] | : |
| | : |
| Defendant. | |

## MEMORANDUM OPINION AND ORDER

Plaintiff James E. Fair brings this action, pursuant to 42 U.S.C. §§ 405(g) and 1383(c)(3), seeking judicial review of a final decision of the Commissioner of Social Security denying his claims for a period of disability, disability insurance benefits, and supplemental security income. The parties have consented to the exercise of jurisdiction by the Magistrate Judge, pursuant to 28 U.S.C. § 636(c), for all proceedings in this Court. (Docs. 17 & 18 ("In accordance with provisions of 28 U.S.C. §636(c) and Fed.R.Civ.P. 73, the parties in this case consent to have a United States magistrate judge conduct any and all proceedings in this case, . . . order the entry of a final judgment, and conduct all post-judgment proceedings.")). Upon consideration of the

---

[1] Kilolo Kijakazi was named the Acting Commissioner of Social Security on July 9, 2021. *See* https://en.wikipedia.org>wiki>Kilolo_Kijakazi (last visited, July 21, 2021). Accordingly, pursuant to Rule 25(d) of the Federal Rules of Civil Procedure, Kilolo Kijakazi is substituted for Andrew M. Saul as the proper party defendant to this action.

administrative record, Plaintiff's brief, and the Commissioner's brief,[2] the Court concludes that the Commissioner's decision denying benefits should be affirmed.[3]

## I. Procedural Background

Plaintiff filed applications for disability insurance benefits and supplemental security income on or about November 2, 2016, alleging disability beginning on September 18, 2016. (*See* Doc. 12, PageID. 247-54). Fair's claims were initially denied on December 28, 2016 (*id.,* PageID. 160-69) and, following Plaintiff's January 13, 2017 request for a hearing before an Administrative Law Judge ("ALJ") (*id.,* PageID. 170-72), a hearing was conducted before an ALJ on March 19, 2019 (*id.,* PageID. 85-115). On July 23, 2019, the ALJ issued a decision finding that the claimant was not disabled and therefore, not entitled to social security benefits. (*Id.,* PageID. 67-78). More specifically, the ALJ determined at the fourth step of the five-step sequential evaluation process that Fair retains the residual functional capacity to perform medium work, with limitations, and his past relevant work as a tow truck driver and assistant deli manager (*see id.,* PageID. 72-77). On August 12, 2019 and September 5, 2019, the Plaintiff appealed the ALJ's unfavorable decision to the Appeals Council (*see id.,* PageID. 241 & 244-46); the Appeals Council denied Fair's request for review on May 14, 2020 (*id.,* PageID. 50-53). Thus, the hearing decision became the final decision of the Commissioner of Social Security.

---

[2]  The parties waived oral argument. (*See* Docs. 16 & 19).

[3]  Any appeal taken from this memorandum opinion and order and judgment shall be made to the Eleventh Circuit Court of Appeals. (*See* Docs. 17 & 18 ("An appeal from a judgment entered by a magistrate judge shall be taken directly to the United States court of appeals for this judicial circuit in the same manner as an appeal from any other judgment of this district court.")).

Plaintiff alleges disability due to diabetes, diabetic neuropathy, obesity, degenerative disc disease, and cervical radiculopathy. The Administrative Law Judge (ALJ) made the following relevant findings:

> **3.     The claimant has the following severe impairments: diabetes, obesity, and degenerative disc disease (20 CFR 404.1520(c) and 416.920(c)).**
>
> . . .
>
> **4.     The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR  404.1520(d), 404.1525, 404.1526, 416.920(d), 416.925 and 416.926).**
>
> . . .
>
> **5.     After careful consideration of the entire record, the undersigned finds that the claimant has the residual functional capacity to perform medium work as defined in 20 CFR 404.1567(c) and 416.967(c). Specifically, the claimant can lift and carry 50 pounds occasionally and 25 pounds [frequent]ly. The claimant can sit, stand and walk for a total of six hours each in an eight-hour workday. The claimant can frequently climb ramps and stairs but should never climb ladders, ropes, or scaffolds. The claimant can frequently stoop, kneel, crouch, and crawl. The claimant can never work at unprotected height[s] or around moving mechanical parts. The claimant can occasionally work in humidity and wetness and in extreme cold.**
>
> . . .
>
> **6.     The claimant is capable of performing past relevant work as a Tow Truck Driver and Assistant Deli Manager. This work does not require the performance of work-related activities precluded by the claimant's residual functional capacity (20 CFR 404.1565 and 416.965).**
>
> . . .

    **7.**    **The claimant has not been under a disability, as defined in the Social Security Act, from September 18, 2016, through the date of this decision (20 CFR 404.1520(f) and 416.920(f)).**

(Doc. 12, PageID. 70, 71-72, 72, 77 & 78 (emphasis in original)).

## II. Standard of Review and Claims on Appeal

The scope of this Court's review is limited to determining whether the Commissioner of Social Security, through the ALJ, applied the correct legal standards and whether the ALJ's findings are supported by substantial evidence. *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158 (11th Cir. 2004). Findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g). Substantial evidence is defined as more than a scintilla and means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *Richardson v. Perales*, 402 U.S. 389, 91 S.Ct. 1420, 28 L.Ed.2d 842 (1971). "In determining whether substantial evidence exists, we must view the record as a whole, taking into account evidence favorable as well as unfavorable to the [Commissioner's] decision." *Chester v. Bowen*, 792 F.2d 129, 131 (11th Cir. 1986).[4] Courts are precluded, however, from "deciding the facts anew or re-weighing the evidence." *Davison v. Astrue*, 370 Fed. Appx. 995, 996 (11th Cir. Apr. 1, 2010) (per curiam), citing *Dyer v. Barnhart*, 395 F.3d 1206, 1210 (11th Cir. 2005). And "[e]ven if the evidence preponderates against the Commissioner's findings, [a court] must affirm if the decision reached is supported by substantial evidence." *Id.*, citing *Crawford v. Commissioner of Social Sec.*, 363 F.3d 1155, 1158-1159 (11th Cir. 2004).

---

[4] This Court's review of the Commissioner's application of legal principles, however, is plenary. *Walker v. Bowen*, 826 F.2d 996, 999 (11th Cir. 1987).

The Commissioner of Social Security employs a five-step sequential evaluation process in determining whether a claimant is disabled under the Social Security Act. This sequential evaluation process considers:

> (1) whether the claimant is engaged in substantial gainful activity; (2) if not, whether the claimant has a severe impairment; (3) if so, whether the severe impairment meets or equals an impairment in the Listing of Impairments in the regulations; (4) if not, whether the claimant has the RFC to perform her past relevant work; and (5) if not, whether, in light of the claimant's RFC, age, education and work experience, there are other jobs the claimant can perform.

*Watkins v. Commissioner of Social Sec.*, 457 Fed. Appx. 868, 870 (11th Cir. Feb. 9, 2012)[5] (per curiam) (citing 20 C.F.R. §§ 404.1520(a)(4), (c)-(f), 416.920(a)(4), (c)-(f); *Phillips v. Barnhart*, 357 F.3d 1232, 1237 (11th Cir. 2004)) (footnote omitted). The claimant bears the burden, at the fourth step of proving that he is unable to perform his previous work. *Jones v. Bowen*, 810 F.2d 1001 (11th Cir. 1986). In evaluating whether the claimant has met this burden, the examiner must consider the following four factors: (1) objective medical facts and clinical findings; (2) diagnoses of examining physicians; (3) evidence of pain; and (4) the claimant's age, education, and work history. *Id.* at 1005. Although "a claimant bears the burden of demonstrating an inability to return to his past relevant work, the [Commissioner of Social Security] has an obligation to develop a full and fair record." *Schnorr v. Bowen*, 816 F.2d 578, 581 (11th Cir. 1987) (citations omitted). If a plaintiff proves that he cannot do his past relevant work, it then becomes the Commissioner's burden—at the fifth step—to prove that the plaintiff is capable—given his age, education, and work history—of engaging in another kind of

---

[5] "Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir.R. 36-2.

substantial gainful employment that exists in the national economy. *Phillips, supra,* 357 F.3d at 1237; *Sryock v. Heckler*, 764 F.2d 834, 836 (11th Cir. 1985).

On appeal to this Court, Fair advances two reasons the Commissioner's decision to deny him benefits is in error (*i.e.,* not supported by substantial evidence): (1) the ALJ's RFC is unsupported by substantial evidence due to her failure to account for the opinion of the consultative examiner and to accommodate the limitations contained therein; and (2) the ALJ erred in finding Plaintiff's diabetic neuropathy and cervical radiculopathy to be non-severe impairments. (*See* Doc. 13, PageID. 2687-88). Given that Step 2 of the sequential evaluation process (that is, whether a claimant has a severe impairment) precedes the fourth and fifth steps where residual functional capacity is considered, *see Watkins, supra,* 457 Fed.Appx. at 870, the Court considers Plaintiff's claims on appeal in reverse order.

**A.** **<u>Severe Impairments</u>**. A severe impairment is an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 404.1520(c). The Commissioner's regulations define basic work activities as the abilities and aptitudes to do most jobs and in analyzing step two of the sequential evaluation process, the Commissioner considers a claimant's "(1) Physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) Capacities for seeing, hearing, and speaking; (3) Understanding, carrying out, and remembering simple instructions; (4) Use of judgment; (5) Responding appropriately to supervision, co-workers and usual work situations; and (6) Dealing with changes in a routine work setting." 20 C.F.R. § 404.1522(b). "Step two is a threshold inquiry." *McDaniel v. Bowen,* 800 F.2d 1026, 1031

(11th Cir. 1986). Only claims based on the most trivial impairments may be rejected, and an impairment is not severe only if the abnormality is so slight and its effect so minimal that it would clearly not be expected to interfere with the individual's ability to work. *Id.* A claimant need only demonstrate that her impairment is not so slight and its effect not so minimal. *Id.*

In this case, the ALJ certainly did not explicitly conclude that Fair's diabetic neuropathy and cervical radiculopathy were non-severe impairments (*See* Tr. 12, PageID. 70 (explicitly finding only that Plaintiff's depression, anxiety, and history of polysubstance abuse are non-severe impairments)), as Plaintiff appears to suggest (*see* Doc. 13, PageID. 2688 & 2689-90). Instead, what the ALJ did was find Plaintiff to have severe impairments of diabetes and degenerative disc disease and then consider evidence of Plaintiff's diabetic neuropathy and cervical radiculopathy under these broader "umbrellas." (*Compare* Doc. 12, PageID. 70 *with id.,* PageID. 73-76). Accordingly, where, as here, the ALJ finds at least one severe impairment, *see Tuggerson-Brown v. Commissioner of Social Sec.,* 572 Fed.Appx. 949, 951 (11th Cir. Jul. 24, 2014) ("[W]e have recognized that step two requires only a finding of 'at least one' severe impairment to continue to the later steps."),[6] and then gives full consideration to the consequences of all of the claimant's impairments, in combination, on his ability to work at later stages of the analysis,[7] *see, e.g., Tuggerson-Brown,* 572

---

[6]    The ALJ found several severe impairments in this case. (*See* Doc. 12, PageID. 70 ("**The claimant has the following severe impairments: diabetes, obesity, and degenerative disc disease**[.]")).

[7]    "At steps three, four, and five, the ALJ considers the claimant's entire medical condition, including impairments that are not severe at step two." *Delia v. Commissioner of Social Security,* 433 Fed.Appx. 885, 887 (11th Cir. Jul. 14, 2011)*, citing Jamison v. Bowen,* 814 (Continued)

7

Fed.Appx. at 951 (recognizing that the ALJ is "required to consider all impairments, regardless of severity, in conjunction with one another in performing the latter steps of the sequential evaluation [process]."), any arguable error at step two is harmless and is not cause for reversal, *see, e.g., Hearn v. Commissioner, Social Sec. Admin.,* 619 Fed.Appx. 892, 895 (11th Cir. Jul. 31, 2015) (finding any step two error harmless where the ALJ "properly noted that he considered [the claimant's] impairments in the later steps [of the sequential evaluation process]."); *Gray v. Commissioner of Social Sec.,* 550 Fed.Appx. 850, 853-54 (11th Cir. Dec. 30, 2013) ("Here, we need not consider whether substantial evidence supports the ALJ's conclusion at step two—that Gray's cervical spine impairment was not a severe impairment—because even if there was error, it would be harmless. In assessing Gray's RFC, the ALJ found that Gray had severe impairments and that the step two test was satisfied, and then specifically considered and discussed the symptoms that Gray alleged stemmed from a cervical spine impairment elsewhere in the five-step sequential process. . . . The ALJ thus performed the analysis that would have been required had he determined a cervical spine impairment was severe at step two."). Indeed, the ALJ's RFC analysis[8] is rife with

---

F.2d 585, 588 (11th Cir. 1987); *see also Tuggerson-Brown, supra,* 572 Fed.Appx. at 951 ("While the ALJ did not need to determine whether every alleged impairment was 'severe,' he was required to consider all impairments, regardless of severity, in conjunction with one another in performing the latter steps of the sequential evaluation [process]."); *Sanchez v. Commissioner of Social Sec.,* 507 Fed.Appx. 855, 858 (11th Cir. Feb. 8, 2013) ("Before reaching step four, the ALJ must assess the claimant's RFC—which is the most work the claimant can do despite her physical and mental limitations—by considering all of the relevant medical and medically determinable impairments, including any such impairments that are not 'severe.' In assessing the RFC, the ALJ must consider the claimant's ability to meet the physical, mental, sensory, and other requirements of work." (citations omitted; emphasis supplied)).

    [8]    The ALJ also specifically evaluated whether Fair had an impairment or combination of impairments that met a listed impairment (*see* Doc. 12, PageID. 71-72), which is a sufficient enough statement "to demonstrate that the ALJ considered all necessary evidence." (Continued)

references to Plaintiff's diabetic neuropathy and cervical radiculopathy (*see* Doc. 12, PageID. 73-76) and, therefore, this Court discerns no reversible error in the ALJ's failure to specifically identify diabetic neuropathy and cervical radiculopathy as severe impairments. *Compare Tuggerson-Brown, supra,* 572 Fed.Appx. at 952 *with Gray, supra,* 550 Fed.Appx. at 853-54.

      **B.**      <u>**ALJ's RFC Determination**</u>.  Plaintiff contends that the ALJ's RFC determination is not supported by substantial evidence because she did not properly account for the opinion of the consultative examiner and failed to accommodate the limitations contained in the report of the consultative examiner. (*See* Doc. 13, PageID. 2688-89).

      At step four of the sequential evaluation process, the responsibility for making the residual functional capacity determination rests with the ALJ, *see, e.g.,* 20 C.F.R. § 404.1546(c) ("If your case is at the administrative law judge hearing level . . ., the administrative law judge . . . is responsible for assessing your residual functional capacity."), who must "'assess and make a finding about [the claimant's] residual functional capacity based on all the relevant medical and other evidence' in the case." *Phillips, supra,* 357 F.3d at 1238 (alteration in the original), quoting 20 C.F.R. § 404.1520(e). A plaintiff's RFC—which "includes physical abilities, such as sitting, standing or walking, and mental abilities, such as the ability to understand, remember and carry out instructions or to respond appropriately to supervision, co-workers and

---

*Tuggerson-Brown, supra,* 572 Fed.Appx. at 952, citing *Wilson v. Barnhart,* 284 F.3d 1219, 1224-25 (11th Cir. 2002).

9

work pressure[]"—"is a[n] [] assessment of what the claimant can do in a work setting despite any mental, physical or environmental limitations caused by the claimant's impairments and related symptoms." *Watkins, supra,* 457 Fed. Appx. at 870 n.5 (citing 20 C.F.R. §§ 404.1545(a)-(c), 416.945(a)-(c)). In other words, a claimant's RFC is "the most [he] can still do despite" the limitations caused by her impairments. 20 C.F.R. 404.1545(a)(1). As part of this process, weighing the opinions of treating, examining, and non-examining physicians is often at the forefront.  *See Kahle v. Commissioner of Social Security,* 845 F.Supp.2d 1262, 1271 (M.D. Fla. 2012). In general, "the opinions of examining physicians are given more weight than those of non-examining physicians, treating physicians are given more weight than those of physicians who examine but do not treat, and the opinions of specialists are given more weight on issues within the area of expertise than those of non-specialists." *McNamee v. Social Sec. Admin.,* 164 Fed.Appx. 919, 923 (11th Cir. Jan. 31, 2006). Indeed, "the ALJ must give the opinion of the treating physician 'substantial or considerable weight unless "good cause" is shown to the contrary.'" *Williams v. Astrue,* 2014 WL 185258, *6 (N.D. Ala. Jan. 15, 2014), quoting *Phillips v. Barnhart,* 357 F.3d 1232, 1240 (11th Cir. 2004) (other citation omitted); *see Nyberg v. Commissioner of Social Security,* 179 Fed.Appx. 589, 591 (11th Cir. May 2, 2006) (citing to same language from *Crawford v. Commissioner of Social Security,* 363 F.3d 1155, 1159 (11th Cir. 2004)).

> Good cause is shown when the: "(1) treating physician's opinion was not bolstered by the evidence; (2) evidence supported a contrary finding; or (3) treating physician's opinion was conclusory or inconsistent with the doctor's own medical records." *Phillips v. Barnhart*, 357 F.3d 1232, 1241 (11th Cir. 2004). Where the ALJ articulate[s] specific reasons for failing to give the opinion of a treating physician controlling weight, and those reasons are supported by substantial evidence, there is no reversible error.  *Moore* [*v. Barnhart*], 405 F.3d [1208,] 1212 [(11th Cir. 2005)].

10

*Gilabert v. Commissioner of Social Sec.*, 396 Fed.Appx. 652, 655 (11th Cir. Sept. 21, 2010) (per curiam).  The "ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Commissioner of Soc. Sec.,* 631 F.3d 1176, 1179 (11th Cir. 2011) (citation omitted).

The ALJ analyzed Dr. Dallas Russell's December 20, 2016 consultative examination/opinion in the following manner:

> The undersigned gives some weight to the opinion of Dr. Russell. He opined that the claimant would be sensitive to environmental exposures such as heat/cold/humidity/noise/vibration. He further opined that the claimant had general difficulty with pushing and pulling, sitting, standing, walking, climbing, stooping, bending, crawling, kneeling, and crouching. While his opinion is supported by his examination findings, he did not express his opinion with specific limitations. Limiting the claimant to work at a reduced range of the medium exertional level adequately accounts for his undefined limitations. Accordingly, the undersigned only gives some weight to Dr. Russell's opinion.

(Doc. 12, PageID. 77) (citation omitted).

This Court finds that the ALJ appropriately assigned Dr. Russell's opinions only some weight. To the extent Plaintiff suggests that the ALJ failed to accommodate the limitations contained in the report of the consultative examiner (*see* Doc. 13, PageID. 2688-89), the Court would simply note that it can find no error in this regard because, as the ALJ observed (Doc. 12, PageID. 77), Dr. Russell did not offer/identify any **specific** functional limitations in his consultative examination report with respect to physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying,

11

or handling. Instead, Dr. Russell simply made the following observations in an undefined manner, despite substantially normal physical examination findings[9]:

> The patient would be sensitive to environmental exposures such as heat/cold/humidity/noise/vibration. The patient would have difficulty carrying/lifting. The patient would have difficulty pushing and pulling. [C]ervical radiculopathy. There is difficulty with sitting. There is difficulty with standing. There is difficulty with walking. . . . There is trouble with climbing/stooping/bending/crawling/kneeling/crouching. There are difficulties from the neuropathy.

(Doc. 12, PageID. 971).

Initially, the Court observes that it does not know what to make of Russell's opinion at the point he transitions to the activities of sitting, standing, etc. because the manner in which he addresses these functional abilities tends to suggest that he is simply relaying Plaintiff's subjective concerns as opposed to his own belief regarding limitations on Plaintiff's physical abilities to perform these activities. Regardless, the ALJ certainly was not required to incorporate Dr. Russell's non-specific/undefined "difficulties" in her RFC assessment (or give his opinion more than some weight) because those undefined "difficulties" do not constitute valid limitations. *See Laskey v. Berryhill,* 2019 WL 2494582, *6 (S.D. Ala. June 14, 2019) (finding reasonable ALJ's

---

[9] Range of motion testing (including of the neck, back, and extremities) was grossly normal (Doc. 12, PageID. 966-67), as was dexterity and grip strength (*id.,* PageID. 967); there was no spasm or tenderness in the neck or back and straight leg raising was negative (*id.,* PageID. 970); there was no cyanosis, clubbing, or edema in the extremities (*id.*); Fair had no difficulty getting on and off the examining table, his gait and station were normal, he could heel/toe and tandem walk but could not squat (*id.*); neurological exam revealed some abnormal findings, including 4+/5 strength of the right deltoid and biceps muscle, sensory loss in the right forearm and both feet, atrophy of the right biceps muscle, and reflexes were 2+ in the uppers and 3+ in the lowers (*id.,* PageID. 970-71); grip strength (and gripping) were normal; fine and gross manipulation (including fine motor skills, handling, and fingering) were normal; and overhead and forward reaching were normal (*id.,* PageID. 971). So, overall, the only abnormalities were the inability to squat and some abnormal neurologic/sensory findings. (*See id.*).

description of doctor's opinion as "somewhat vague" because the consultative examiner "only used the open-ended descriptor 'difficult' rather than offering more specific limitations . . . ."); *Folmar v. Berryhill,* 2019 WL 945970, *3 (S.D. Ga. Jan. 28, 2019) (finding "ALJ did not err in failing to credit a vague clinical observation that was obviated and superseded by the concrete limitations opined by a neuropsychological consultative examiner."), *report and recommendation adopted,* 2019 WL 938886 (S.D. Ga. Feb. 25, 2019); *Booth v. Colvin,* 2015 WL 5568375, *3 (N.D. Ala. Sept. 22, 2015) (finding ALJ properly accorded doctor's opinion only partial weight because doctor "used an undefined term to describe the level of exertion that [plaintiff] could use at work"). Instead, the ALJ properly afforded Dr. Russell only some weight given that the evidence of record reflects that while Fair's impairments do limit his ability to perform work activities, there is nothing in the record evidence, including in the consultative report of Dr. Russell (*see* Doc. 12, PageID. 966-71), contrary to the ALJ's RFC assessment limiting Fair to a range of medium work (*compare id. with id.,* PageID. 72).[10] Indeed, the opinion evidence (i.e., physical RFC opinion evidence) of the non-examiner, Dr. Gloria Sellman, rendered on December 27, 2016 (Doc. 125, PageID. 133) based on a consideration of all the evidence of record at that time, including Dr. Russell's December 20, 2016 consultative examination report (*see id.*, PageID. 125), was that Plaintiff retains the ability to perform medium work with some postural and environmental limitations (*see id.,* PageID. 130-32), and the remaining evidence in the

---

[10] Plaintiff offers no hint at the impact Dr. Russell's undefined "difficulties" would have on the ALJ's RFC assessment (*see* Doc. 13) and, therefore, this Court finds that the ALJ was correct in observing that "[l]imiting the claimant to work at a reduced range of the medium exertional level adequately accounts for [Dr. Russell's] undefined limitations." (Doc. 12, PageID. 77).

13

record post-January of 2017 (*see id.,* PageID. 1357, 1366, 1557, 1566-67, 1585-86, 1685-86, 1695-96, 1703, 1732, 1748, 1752, 1768-69, 1771-72, 1777, 1791-92, 1800, 1819, 1844, 1871, 1883-85, 1888-89, 1910-11, 1915, 1997, 2001, 2010, 2033, 2036-37, 2046-47, 2062, 2096, 2105, 2125, 2133, 2139, 2194-97, 2317-20, 2392, 2414, 2440-41, 2498, 2507-08, 2540, 2544, 2570-71, 2591, 2682) fails to establish limitations in Plaintiff's ability to perform work "greater" (or more "limiting") than what is reflected in the ALJ's RFC assessment (*compare id. with id.,* PageID. 72). Accordingly, the undersigned finds Plaintiff's assignment of error regarding Dr. Russell's opinion unpersuasive.

Given that both of Fair's assignments of error are properly overruled, and Plaintiff makes no argument that the ALJ's substantially supported residual functional capacity assessment would preclude his performance of his past relevant work as a tow truck driver or assistant deli manager (*compare* Doc. 13 *with* Doc. 12, PageID. 72 & 77-78),[11] the Commissioner's fourth-step determination is due to be affirmed.

## CONCLUSION

It is **ORDERED** that the decision of the Commissioner of Social Security denying Plaintiff benefits be affirmed.

**DONE** and **ORDERED** this the 24th day of January, 2022.

s/P. Bradley Murray  
**UNITED STATES MAGISTRATE JUDGE**

---

[11] To the extent Fair is correct that the ALJ should have recognized some limitation in his ability to push and pull with his right upper extremity (*see* Doc. 13, PageID. 2689), the undersigned finds any such error in this regard harmless since Plaintiff has cited this case to no authority establishing that his past relevant work as a tow truck driver and assistant deli manager require the ability to push and pull with the upper extremities. *Compare* DOT #185.167-046 (manager, retail store) *with* DOT #919.663-026 (tow-truck operator).